972 F.2d 1355
 14 ITRD 1272
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KOYO SEIKO CO., LTD., and Koyo Corporation of U.S.A.,
Plaintiffs-Appellants,
and
SKF USA, Inc., and AB SKF; SNR Roulements and SNR Bearings,
USA, Inc., Plaintiffs,
v.
The UNITED STATES and the DEPARTMENT OF COMMERCE, Defendant-Appellee,
and
The Torrington Company, Defendant-Appellee.
 No. 91-1427.
 United States Court of Appeals, Federal Circuit.
 June 30, 1992.
 
 Before RICH, MAYER and PLAGER, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. (collectively Koyo Seiko) appeal from a decision of the Court of International Trade[1]. That court upheld the International Trade Administration's (ITA's) determination regarding The Torrington Company's (Torrington's) standing to file an antidumping duty petition under 19 U.S.C. § 1673a(b)(1). We affirm.
 
 BACKGROUND
 
 2
 Torrington filed an antidumping duty petition on March 31, 1988, pursuant to 19 U.S.C. § 1673a(b)(1). The petition complained about certain imported finished and unfinished antifriction bearings. As statutorily required, Torrington alleged it was an interested party filing on behalf of the domestic industry.
 
 
 3
 Koyo Seiko and other parties questioned whether Torrington had standing to file the petition, alleging that the petition was not supported by a majority of the domestic industry. The ITA sent questionnaires to a number of domestic bearing manufacturers who had opposed the opposition, apparently in an effort to determine the extent of the opposition.
 
 
 4
 Eventually, the ITA stated that it had not determined that a majority of the industry affirmatively opposed the petition. Therefore the ITA considered the petition to have been filed on behalf of the domestic industry.
 
 
 5
 Koyo Seiko brought an action before the Court of International Trade, challenging the ITA's presumption of standing absent a showing to the contrary. Koyo Seiko argued that the correct interpretation of the statute requires a petition to show that a majority of the industry supports her petition.
 
 
 6
 The Court of International Trade upheld ITA's determination, referring to its opinion in a related case. In that opinion[2], the Court of International Trade held that the presumption is a reasonable and consistent application of the statute, within the statutory discretion allowed to the administering agency.
 
 DISCUSSION
 
 7
 Recently, but after Koyo Seiko argued this appeal, this court issued a precedential opinion which addressed this issue. In Suramerica v. United States, Nos. 91-1015, -1050 & -1055, --- F.2d ----, --- Fed.Cir.T ---- (June 11, 1992), we upheld the initiation of an investigation by Commerce after an interested party filed a petition. We held that, as an initial matter, Commerce did not need to determine the degree of support by the domestic industry; Congress gave Commerce broad discretion in deciding when to initiate an investigation. Thus, the Court of International Trade did not err in sustaining the determination of the ITA in the present action.
 
 
 
 [1]
 No. 89-06-00340, June 27, 1991
 
 
 [2]
 NTN Bearing Corp. of America v. United States, No. 89-06-00350 (February 28, 1991)